OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 27, 2014
Date Decided: June 3, 2014

Stuart M. Grant
Kimberly A. Evans
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801

William M. Lafferty
Ryan D. Stottmann
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Ronald A. Brown, Jr.
Marcus E. Montejo
Kevin H. Davenport
Prickett, Jones & Elliott P.A.
1310 King Street
Wilmington, DE 19801

Re: *In re Appraisal of NetSpend Holdings, Inc.*
Consolidated Civil Action No. 8807-VCG

Dear Counsel:

The issue before me in this statutory appraisal action is the discoverability of documents relating to the Petitioners' pre-suit valuations of NetSpend Holdings, Inc. The scope of discovery under Court of Chancery Rule 26 is broad;[1] the issues before the Court in an appraisal action, however, are narrow. In resisting the

---

[1] This Rule provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Ct. Ch. R. 26(b)(1).

Respondent's discovery of their pre-suit valuations, the Petitioners point out, reasonably, that there is scant likelihood that discovery of these valuations, necessarily done based on public information, will lead to admissible evidence here. I cannot say with confidence, however, that the possibility of such evidence coming to light is entirely foreclosed, nor can I say that the documents sought will have no value for purposes of cross-examination or rebuttal of the expert testimony I anticipate forming much of the evidence at trial. The Petitioners have not suggested that the evidence sought is privileged or that its production is unduly burdensome. Since I find that the documents sought are within the broad ambit of discoverable material under Rule 26, the Respondent's Motion to Compel is granted.[2] IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[2] Nothing in this Letter Opinion should be construed as foreclosing any Petitioner from seeking a protective order, as that party finds appropriate.